UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABRAHAM GROSS,

                        Plaintiff,

              -against-

CITY OF NEW YORK, et al.,

                      Defendants.

20-CV-4515 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On June 25, 2020, the Court dismissed the complaint without prejudice as duplicative of Plaintiff's pending complaint under case number 20-CV-4340. The next day, June 26, 2020, the Court received a letter from Plaintiff in which he challenges the dismissal order.

    The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff asserts that the Court's order of dismissal is based on a "fatal clerical error." (ECF No. 6, at 1.) He claims that it was never his intention to file the complaint under docket number 20-CV-4340, but that it was inadvertently sent to the Court. Plaintiff notes that the complaint is an early incomplete draft, without a cause of action, prayer for relief, or a signature. He asserts that after he sent it to the Court by email, he contacted the Court's *Pro Se* Unit and was assured that the incomplete complaint was "null and void" because it lacked the basic papers necessary to have the complaint processed. (*Id.*) Plaintiff then submitted the final version of the complaint under this case number, 20-CV-4515. Along with seeking to reopen this case, Plaintiff also makes arguments concerning the merits of his claims and attaches documents that he would like the Court to consider.

Plaintiff does not demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. He submitted three versions of his complaint to the Court.[1] The Court dismissed the two actions with the higher docket numbers as duplicative and informed Plaintiff that should he wish to add new defendants, allegations, or claims, he may seek to amend the complaint in the pending case in compliance with Fed. R. Civ. P. 15. Plaintiff was not in any way prejudiced by the dismissal of the duplicate action and can submit an amended complaint with all his claims in the pending action under case number 20-CV-4340.[2] Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court also finds that even under a liberal interpretation of the motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule

---

[1] Plaintiff also submitted another similar complaint that was assigned case number 20-CV-4489. On July 2, 2020, the Court also dismissed that action without prejudice as duplicative of the complaint under 20-CV-4340. *See Gross v. City of New York*, ECF 1:20-Cv-4489, 2 (S.D.N.Y. July 2, 2020).

[2] Plaintiff refers to the version of the complaint under this case number as the final version. But considering the arguments and documents he presents to the Court in the letter, it is clear that Plaintiff seeks to have the Court consider additional information. Plaintiff should submit an amended complaint in the pending case (20-CV-4340) that includes all his claims for relief, including the information and documents he included in his June 26, 2020 letter.

60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of the complaint, the motion for reconsideration is denied.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's request for reconsideration (ECF No. 6) is denied. All other pending matters are terminated.

The Clerk of Court is further directed to accept no further submissions under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 6, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge

60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of the complaint, the motion for reconsideration is denied.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's request for reconsideration (ECF No. 6) is denied. All other pending matters are terminated.

The Clerk of Court is further directed to accept no further submissions under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 6, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge